IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HOWARD EUGENE LINER                                                                               PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 5:11-cv-72-DCB-JMR

JOHN DOE, Title 18 (Public Law 80-772)                                                    DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause comes before this Court, *sua sponte*. The plaintiff, an inmate currently incarcerated in the Federal Correctional Institution - Yazoo City, Yazoo, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 and paid the filing fee of $5.00, receipt number 34643009716, on May 9, 2011. Subsequently, this Court received a letter [2] on May 19, 2011, from the plaintiff stating that the instant civil action was a not a § 2241 petition for habeas relief, but a complaint and motion for intervention pursuant to 28 U.S.C. § 2408[1]. The filing fee of $350.00 to file said complaint was received on June 20, 2011. *See* Receipt number 34643010405.

Notwithstanding plaintiff having paid the filing fee, this Court has the authority to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Further, Section 1915A provides *sua sponte* dismissal by this Court of the instant civil action if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." As discussed below, the instant civil action is frivolous.[2]

---

[1] Title 28 U.S.C. §2403 does not provide a cause of action. *See Latta v. Cuomo*, 2010 WL 4607523 (E.D. N.Y. Nov. 5, 2010). However, it does provide a mechanism for providing notice that the court has certified that there is a constitutional challenge and thereby will allow the United States to intervene. *Id.*

[2] If a complaint "lacks an arguable basis either in law or fact," it is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Background

Plaintiff filed the instant civil action challenging the constitutionality of Public Law 80-772, which is codified as Title 18 of the United States Code[3]. Pet. [1]. Plaintiff argues that Public Law 80-772 was not properly enacted because a quorum was not present when the bill was voted on by the United States House of Representatives. *Id*. at p. 2. Plaintiff further contends that both houses of Congress failed to pass the same version of Public Law 80-772. *Id.* Plaintiff supports his arguments based on his "research to provide facts from the National Archives . . ., the House Journal, the Senate Journal, and the Congressional Record." *Id.* at p. 11. As a result of Public Law 80-772 not being properly enacted, plaintiff requests that this Court "declare Title 18 USC (Public Law 80-772) unconstitutional." *Id*. at p. 12. Moreover, plaintiff states that his ultimate goal concerning the instant civil action is that this "court order his immediate release, the expungement of [his] criminal record, and the full reinstatement of all of [his] rights." *Id*.

Analysis

This Court has determined that plaintiff's claim that Public Law 80-772 is invalid is without merit.[4] *See United States v. Risquet*, 426 F. Supp. 2d 310 (E.D. Pa. 2006)(stating that President Truman signed Section 3231 into law on June 25, 1948, after the 1948 amendment to Section 3231 passed both houses of Congress, and that the amendment and statute were "properly enacted and .

---

[3]Title 18 of the United States Code is entitled "Crimes and Criminal Procedure" and includes § 3231 which provides in relevant part that "[t]he district courts of the United States shall have original jurisdiction, . . ., of all offenses against the laws of the United States."

[4]This Court finds that plaintiff previously filed a petition for habeas relief pursuant to 28 U.S.C. § 2241. *Liner v. Pearson*, 5:11-cv-11-DCB-RHW (S.D. Miss. Mar. 3, 2011). That civil action presented the same claim, that Public Law 80-772 was not enacted properly, as the instant civil action but the instant civil action presents different arguments upon which he bases his conclusion. The plaintiff's § 2241 was dismissed with prejudice by a Final Judgment [6] entered on March 3, 2011. *Id.*

. . binding"); *United States v. Potts*, 2007 WL 3036847 (3d Cir. Oct. 18, 2007) (finding that Public Law 80-772 was "properly enacted and is binding."); *Lister v. United States*, 2006 WL 3751324 (N.D. Tex. Dec. 20, 2006)(finding that "the law was properly enacted"); *Delreth v. United States*, 2006 WL 1804618, at *4 (S.D. Tex. June 27, 2006)(noting that "even if 18 U.S.C. § 3231 was flawed, legislation that pre-dated section 3231 would have operated to give the Court jurisdiction over federal crimes."). Additionally, this Court finds that this similar argument has already been rejected by other courts. *See Cardenas-Celestino v. United States*, 552 F.Supp. 2d 962, 966 (W.D. Mo. 2008)(holding that "Public Law 80-772 was passed by both houses before a *sine die* recess was called and, therefore, was properly enacted")(citing *United States v. McCuiston*, 2007 WL 2688502 (S.D. Tex. Sept. 12, 2007)); *United States v. Wolford*, 2009 WL 1346034 (W.D. Penn. May 13, 2009) (finding that the "Petition to Dismiss Indictment Want of Jurisdiction, Challenge of Constitutional of a Statute 18 U.S.C. 3231-Certification Intervention" was frivolous); *United States v. Siegleman,* 2007 WL 1284276 (M.D. Ala. Apr. 30, 2007)(providing that "even the briefest of forays into the electronic databases available for legal research yields a long list of judicial opinions that have considered and rejected" this claim that "18 U.S.C. § 3231, the statute which gives the district courts of the United States original jurisdiction over all offenses against the laws of the United States, was not properly enacted")(collecting cases); *United States v. Martinez*, 2006 WL 1293261, (S.D. Tex. May 6, 2006)(finding that Public Law 80-772 was properly enacted into law.). Consequently, plaintiff's claim that Public Law 80-772 was not enacted properly is clearly frivolous.

For the reasons set forth above, the instant civil action is dismissed with prejudice.

A final judgment in accordance with this Memorandum Opinion and Order shall be issued.

SO ORDERED, this the ___28th___ day of July, 2011.

           _____s/ David Bramlette_____
           UNITED STATES DISTRICT JUDGE