IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HOWARD EUGENE LINER                                                                                       PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 5:11-cv-72-DCB-JMR

JOHN DOE, Title 18 (Public Law 80-772)                                                      DEFENDANT

ORDER

This matter is before the Court on plaintiff's motion entitled "Motion to Reconsider 2403" [7]. Having reviewed the motion [7], this Court has come to the following conclusions. Even though a "motion for reconsideration" is not explicitly recognized by the FEDERAL RULES OF CIVIL PROCEDURE, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b). *See Rogers v. KBR Technical Services, Inc.*, 2008 WL 2337184, *5 (5th Cir. June 9, 2008)(citing *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990), (abrogated on other grounds). Having reviewed the motion [7] as well as the record, this Court finds that the motion will be construed as filed pursuant to Rule 59(e) since it was filed within 28 days of the judgment.

In order to obtain relief pursuant to Rule 59(e), plaintiff "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863 (5th Cir.2003) (citation omitted)). The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e), a district court should consider the following non-inclusive factors: (1) the reasons for the plaintiffs' default; (2) the importance of the evidence to the plaintiffs' case; (3) whether the evidence was available to the plaintiffs before they responded to the underlying motion; and (4) the likelihood that

the defendants will suffer unfair prejudice if the case is reopened.  *Sturges v. Moore*, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)).  Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion.  *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  *Id.* at 626.

     Plaintiff argues in his motion [7] that the recent decision of the United States Supreme Court in *Bond v. United States*, ____ U.S. ____, 131 S.Ct. 2355, 180 L.Ed.2d 269 (2011) requires this Court to find that Title 18 is unconstitutional and as such, he should be released, his record expunged and all his rights be returned to him.  This Court is not persuaded by Plaintiff's reliance on *Bond*.[1]  As discussed in the Memorandum Opinion and Order [5] entered on August 16, 2011, this Court considered plaintiff's claim, arguments and attachments and found that plaintiff's claim was invalid based on numerous cases which had reviewed the same claims and arguments as the ones asserted by plaintiff.  Therefore, after consideration of the instant motion [7] before this Court and supporting documents, the entire Court record and relevant case law, the Court concludes that plaintiff has failed to satisfy the requirements for obtaining relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *See, e.g., Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)("Reconsideration of a judgment after its entry is an

---

[1]The United States Supreme Court in *Bond* held an individual has standing under the Tenth Amendment to challenge a federal statute if the statute regulates activity that is local in nature. *Bond v. United States*, ____ U.S. ____, 131 S.Ct. 2355, 180 L.Ed.2d 269 (2011) . There is no Tenth Amendment claim presented in the instant civil action.

extraordinary remedy that should be used sparingly.").  Accordingly, it is hereby,

ORDERED that plaintiff's motion [7] is **denied**.

IT IS FURTHER ORDERED that plaintiff's motion for show cause hearing [8] is not properly before this Court, *see United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (holding that a motion filed in a closed case is to be considered "a meaningless, unauthorized motion"), and is **denied**.

This the  29th   day of  September  , 2011.


                                    s/David Bramlette
                              UNITED STATES DISTRICT JUDGE